Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*

FILED
DEC 20 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

2:18-CV-3234 JAM AC PS

| | |
|---|---|
| Mark Aussieker,<br><br>            Plaintiff,<br><br>    v.<br><br>M&S GREEN-POWER ENERGY, INC,<br>SHIRAN PILO and CALIFORNIA<br>ENERGY REBATE PROGRAM,<br>FERMAIN FLORES<br><br>            Defendant(s) | No.<br><br>**COMPLAINT FOR DAMAGES**<br>Trial by Jury not requested |

Plaintiff MARK AUSSIEKER ("Plaintiff"), on behalf of himself alleges as follows:

1. Plaintiff Mark Aussieker ("Plaintiff" or "Mr. Aussieker") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act "TCPA", 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Upon information and belief, Defendants have jointly and severally placed telemarketing calls to a telephone number Mr. Aussieker had registered on the national Do Not Call Registry without Mr. Aussiekers consent. As a result, Defendants

1

are liable for those calls.

## PARTIES

3. Plaintiff Mark Aussieker is an individual and resident of the state of California.

4. Defendant M&S GREEN-POWER ENERGY, INC is a California Corporation, does business as a licensed contractor and is a "person" as defined by 47 US.C. § 153 (39). Will be reffered to as "DEFENDANT M&S"

5. Defendant SHIRAN PILO is the President, CEO, registered Agent and Responsible Managing employee of M&S GREEN-POWER ENERGY, INC. Will be reffered to as "DEFENDANT SHIRAN"

6. Defendant "CALIFORNIA ENERGY REBATE PROGRAM" is a FICTITIOUS BUSINESS NAME (# 2018001457 LA county) of M&S GREEN-POWER ENERGY, INC in Los Angeles, CA. Will be referred to "DEFENDANT CARE"

7. Defendant FERMAIN FLORES, cslb lic # 1035895 is the responsible managing operator and director of M&S GREEN-POWER ENERGY, INC.

### Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this lawsuit.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

11. This Court has personal jurisdiction over the parties because Defendants

2

systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his contact with Defendants from California.

### TCPA Background

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### THE TCPA PROHIBITS TELEMARKETING CALLS TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY, UNLESS THE CALLER HAS THE RECIPIENT'S SIGNED, WRITTEN CONSENT.

13. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

15. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

16. The regulations exempt from liability a caller who has obtained the

subscriber's signed, written agreement to receive telephone solicitations from the caller.

47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

### Factual Allegations

17. Plaintiffs phone number ending in 8006 was added to the Do Not Call list in February 2003

18. DEFENDANTS placed calls to plaintiff for telemarketing purposes.

19. Plaintiff received telemarketing calls from DEFENDANTS.

20. Mr. Aussieker never consented to receive these calls.

21. Mr. Aussieker has a concrete injury being the receipt of such phone calls that Congress intended to remedy through passage of the TCPA.

22. Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for answering the call, decreased battery life, could not listen to music while on the phone, the nuisance of receiving a telephone call with a pre-recorded message, defendants bothering him with unrequested solicitations.

23. On 11/1/2018 DEFENDANTS or its authorized agent placed a prerecorded voice message telephone call (the "First Call') to Plaintiffs cellular telephone number (916-705-8006) for the commercial purpose of selling consumer goods and services. During and/or in regard to the First Call, Defendant knowingly and/or willfully:

- Called Plaintiffs cellular telephone without Plaintiff's prior express consent or approval

- The information transmitted to plaintiffs caller ID (916-233-2437) was deliberately falsified to disguise the calling party's identity. The calling party did not have a presence in the 916 area code.

4

- Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.
- Played a pre-recorded message to about ~~ways to save money on energy bills~~ SEE Exhibit B.
- Defendant Failed to check Plaintiffs name and telephone number(s) on its Do-Not-Call List
- Because DEFENDANTS took great care in disguising the identity and company for which the calls are made upon, Plaintiff booked an appointment to meet the calling party.

24. On 11/1/2018 Defendant called Plaintiff from (559-390-0868) "confirmation call" to confirm the appointment. Plaintiff took notes during the confirmation call in which he wrote that the callers name was Maria from CALIFORNIA ENERGY REBATE PROGRAM. Maria gave three possible names for the sales reps to visit on 11/2/18 (Franky, Mellisa or David) and informed plaintiff that the sales rep had an 818 area code phone.

25. On 11/2/18- An individual arrived at plaintiffs' house for the appointment. The individual spoke to plaintiff through a ring security camera and introduced himself as Franky, with M&S GREEN-POWER ENERGY, INC. Plaintiff requested Frank speak on the telephone instead of through security system. The two individuals spoke briefly. Franky had an 818 phone number and refused to give plaintiff his home improvement sales license number.

26. On 11/2/18- plaintiff emailed DEFENDANT SHIRAN requesting vendor contact information with the subject line "do not call violation". A person immediately called after the email from 818-216-6132 who purported to be CEO Shiran. The number is confirmed to be of CEO Shiran. The call was in response to the email to say there was no vendor, her company did all the calls and since there was an actual call center in Sacramento, they were allowed to

5

manipulate the caller id to show they were calling from Sacramento. DEFENDANT SHIRAN claimed she was aware of the Do not call list but not responsible for the telephone calls to numbers on the Do Not call list since she purchased the list from Data Source. CEO Shiran advised plaintiff that Franky is an owner and did not need a home improvement license and

27. Plaintiff concludes that DEFENDANT SHIRAN "specifically, individually and personally directed and authorized all of the telephone calls, was intimately involved in the purchase of the leads, took the measures to disguise the true calling party by obtaining a fictitious business names, also directing that the phone number be spoofed.

28. December 11th, 2018, Defendants or its authorized agent placed a prerecorded voice message telephone call (the "Second Call") to Plaintiffs cellular telephone number (916-705-8006) for the commercial purpose of selling consumer goods and services.

29. During and/or in regard to the Second Call, Defendant knowingly and/or willfully:

a. Called Plaintiff's cell phone without prior express consent or approval;

b. The information transmitted to plaintiffs caller ID (916-895-7965) was deliberately falsified to disguise the calling party's identity. The calling party did not have a presence in the 916 area

c. Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.

d. Defendants Played a pre-recorded message about ~~rebates available to replace windows.~~ SEE Exhibit B

e. Defendants Failed to record Plaintiffs name and telephone number(s) on its Do-Not-Call List

f. Because Defendants took great care in masking the name and company for which

the calls are made upon, Plaintiff tried to book an appointment to meet the calling party in person.

30. Plaintiff pressed "one" to be connected to a live operator after the pre recorded message ended. The live operator identified herself as Maria with CALIFORNIA ENERGY REBATE PROGRAM. The call was disconnected after plaintiff gave Maria first and last name.

31. Plaintiff immediately called Maria with the number she had called from on Nov 1st, 2018 "confirmation call" Maria apologizes for the disconnection. Plaintiff wants to speak with a manger. Plaintiff hangs up and calls back again to get a hold of someone else who will connect call to manager.

32. Plaintiff calls back again and correctly asks to speak with Shiran the CEO/ owner of M&S GREEN-POWER ENERGY, INC. A gentleman refuses to admit that M&S GREEN-POWER ENERGY, INC and CALIFORNIA ENERGY REBATE PROGRAM are one and the same company.

33. CEO Shiran "specifically, individually and personally knew about the previous calls and complaints using illegal telemarketing calls.

34. Defendant SHIRAN PILO ignored plaintiffs prior complaint regarding calling people on the do not call list, using robo calls but also negligently failed to take or order appropriate action to avoid any future harm by stopping the illegal sales practice.

CAUSES OF ACTION

.COUNT 1

(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)

37. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

38. Defendant's own conduct and/or by the fact that others made those calls on its behalf, ignoring the Do-Not-Call List, as demonstrated by Defendant's Call to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

39. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) . Furthermore, Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling , not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 2

### (2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)

40. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

41. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to maintain a record of Plaintiffs previous demand that the Plaintiffs name and telephone number go on its Do-Not-Call List, as demonstrated by Defendant's Call to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of

8

$500 for this violation.

42. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2). Furthermore, Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling, not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 3

### (1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Auto Dialer

43. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

44. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(D) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 4

### (2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.

§227(b)(1)(A)(iii) – Auto Dialer

46. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

47. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(D) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 5

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Pre Record Message**

49. Defendants' conduct, in placing the Call to Plaintiff's cell phone to deliver an unsolicited pre recorded message to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

50. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in placing the Call to Plaintiff's cell phone to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(l)(B) and CFR 47§64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of

$1,500 for this violation

## COUNT 6

### (2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Pre Recorded Message

51. Defendants' conduct, in placing the Call to Plaintiff's cell phone to deliver an unsolicited pre recorded message to Plaintiff without Plaintiff's prior express consent or approval, constitutes a violation of 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

52. Defendant's own conduct and/or by the fact that others made those calls on its behalf, in placing the Call to Plaintiff's cell phone to deliver an unsolicited advertisement to Plaintiff without Plaintiff's prior express consent or approval, constitutes a knowing and/or willful violation of 47 U.S.C. §227(b)(l)(B) and CFR 47§64.1200(a)(2) and, therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation

## COUNT 7

### RATIFICATION

53. Plaintiffs incorporate herein by reference the preceding paragraphs as if fully set forth herein, and count against SHIRAN PILO and M&S GREEN-POWER ENERGY, INC

54. SHIRAN PILO was the CEO, and an employee of M&S GREEN-POWER ENERGY, INC during all relevant times

55. At the time of the acts alleged herein, there was an actual or assumed agency relationship between SHIRAN PILO and M&S GREEN-POWER ENERGY, as well as between SHIRAN PILO and M&S GREEN-POWER ENERGY 's Corporate officers.

56. Despite SHIRAN PILO's knowledge of the allegations made in the November 2nd email and discussions of TCPA violations, no action was taken and the calling continued.

57. M&S GREEN-POWER ENERGY 's Corporate officers SHIRAN PILO and FERMAIN FLORES, having been made aware of the violations 47 U.S.C. § 227 et seq and continuing on, SHIRAN PILO and FERMAIN FLORES are individually responsible for the violations. The general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body[1]. Corporate officers SHIRAN PILO and FERMAIN FLORES are thus responsible for continued violations 47 U.S.C. § 227 et seq.

## COUNT 8

## RATIFICATION

58. Plaintiffs incorporate herein by reference the preceding paragraphs as if fully set forth herein, and count against FERMAIN FLORES and M&S GREEN-POWER ENERGY, INC

59. FERMAIN FLORES is the Responsible Managing Officer for M&S GREEN-POWER ENERGY, INC corporate license during all relevant times

60. At the time of the acts alleged herein, there was an actual or assumed agency relationship between FERMAIN FLORES and M&S GREEN-POWER ENERGY, as well as FERMAIN FLORES and M&S GREEN-POWER ENERGY 's Corporate officers.

61. M&S GREEN-POWER ENERGY does not employ any Home improvement salesperson

62. On the 11/2/18 an unlicensed salesperson by the name of "Franky" arrived at plaintiffs house and texted Plaintiff that he had a Home improvement license as required by:

---

[1] '"Universal Elections, 787 F. Supp. 2d at 416 (internal citations omitted); see also Am. Blastfax,Inc., 164 F. Supp. 2d at 898

12

> Business and Professions code 7152 (1) "Home improvement salesperson" is a person who is registered under this chapter and engaged in the business of soliciting, selling, negotiating, or executing contracts for home improvements, …on behalf of a home improvement contractor licensed under this chapter.
>
> (b) A home improvement salesperson shall register with the board in order to engage in the business of, or act in the capacity of, a home improvement salesperson.
>
> (c) The following shall not be required to be registered as home improvement salespersons:
>
> (1) An officer of record of a corporation licensed pursuant to this chapter, or a manager, member, or officer of record of a limited liability company licensed pursuant to this chapte

63. The plaintiffs house and business location for M&S GREEN-POWER ENERGY are 395 miles apart.

64. In December of 2018, an individual posted a bad review on Yelp for M&S GREEN-POWER ENERGY for a roof install in Sebastapool, CA. This job was 450 miles from FERMAIN FLORES home office.

65. FERMAIN FLORES knew or should have known that M&S GREEN-POWER ENERGY was doing jobs all over the state of California without using a Home improvement salesperson.

66. FERMAIN FLORES participated in the scheme whereby jobs would be sold illegally and he continued to do so for his own pecuniary benefit.

67. The general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body[2]. Corporate officers SHIRAN PILO and

---

[2] '"Universal Elections, 787 F. Supp. 2d at 416 (internal citations omitted); see also Am. Blastfax,Inc., 164 F. Supp. 2d at 898

FERMAIN FLORES are thus responsible for continued violations 47 U.S.C. § 227 et seq.

## COUNT 9

VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE SECTION 17200, *ET SEQ.*

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein

38. Defendants practice of making telephone calls to Plaintiff on his cellular telephones via an "automatic telephone dialing system" without his prior express consent within the meaning of the TCPA violates 47 U.S.C. § 227 et seq., and the Rules promulgated there under.

39. Defendants practice of making telephone calls to Plaintiff without Displaying a telephone number that can be called during regular business hours to ask to no longer be called violates 47 c.f.r. § 64.1601(e)(1)., and the Rules promulgated there under.

40. Defendants conduct described herein violates Cal. Bus & Prof.Code § 17200 et seq. (the "UCL") in the following respects

41. Defendants hiring of and supervision of vendors employing automated and predictive dialing techniques to harass Plaintiff is unlawful and a violation of the UCL.

42. Defendants had a pattern and practice of falsifying the caller id transmitted so that a new phone number would appear each time defendant called.

43. Defendants deliberately falsified the caller id displayed on plaintiffs phone to cover up the calling party's identity which served three illicit purposes

- Plaintiff could not readily identify the caller as being someone who had previously called.

- Plaintiff could not block the caller to prevent any further contact from defendant

- Plaintiff would have no way of reaching plaintiff to tell them to stop calling

44. But for the Defendants constant change in phone numbers, the plaintiff is injured because he can no longer block a caller who telemarkets. He can't effectively screen out telemarketers who have called in the past, and there is no way to reach out to them to tell them to stop.

45. Defendant's use of automated and predictive dialing techniques to harass Plaintiff is unlawful and a violation of the UCL.

46. Each of Defendant violations of the TCPA, and Telemarketing Sales Rules constitute a separate and independent violation of the UCL because such conduct was illegal and unfair competition within the meaning of the UCL

47. UCL's causation requirements: Plaintiff would not have otherwise answered the phone but for the [defendants' alleged misconduct – spoofing caller id to trick plaintiff into thinking its not the same person who has called in the past]

48. UCL's causation requirements: Plaintiff would not have received any telemarketing calls from plaintiff but for the [defendants' alleged misconduct – making telemarketing calls that violated 47 U.S.C. § 227 et seq]

49. The harm to Plaintiff arising from Defendant's illegal practices outweighs the utility, if any, of those practices.

50. The illegal business practices of Defendant are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff.

51. Unless restrained by this Court, Defendant will continue to engage in the illegal acts and practices alleged above.

52. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Class are therefore entitled to

an Order requiring Defendant to cease the unlawful acts alleged herein.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against M&S GREEN-POWER ENERGY, INC, SHIRAN PILO and FERMAIN FLORES , both jointly and severally for the following:

1. Injunctive relief prohibiting such violations of the TCPA, and the UCL by Defendants in the future.

2. For an order finding in favor of Plaintiff, on all counts asserted herein;

3. For an order awarding statutory damages to plaintiff in the sum certain amount of $9,000, as detailed in counts 1-6.

4. Any other relief the court deems proper.

Respectfully Submitted this 19th Day of December, 2018.

Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Dec 20th, 2018.
Signature of Plaintiff
_____
Printed Name of Plaintiff  MARK Aussieker



Exhibit B





(916) 895-7965     HIGH RISK

### Scam Protection
YouMail users report this number may be a scam.

### Telemarketing

Sign Up for YouMail and stop unwanted calls for good

Elk Grove, CA US

### Reverse Phone Lookup

916-895-7965

#### Help us help you!
YouMail is leading the fight against robocalls. By identifying billions of calls and playing millions of "out of service" greetings, we've helped over a million YouMailers get removed from telemarketing lists.

Help us do even better by reporting the spammers that harass you. We're here to help!

READ MORE

### Typical Message

GE efficient windows and save on your energy cost by making your home more energy efficient dual and triple pane energy efficient windows keeps the interior climate cooler in the summer and warmer in the winter through not allowing air to escape your home whether running your AC in the summer or your heater in the winter. To hear more information about this offer please press one or press two to be removed from the list.

### Get YouMail for iPhone and Android
Subscribe to YouMail to know who's calling you. Available on your browser, flip phone, smart phone, or tablet.

App Store   Google Play

hubzu   Today's Bid $1,490,000

### Reports
No reports yet. Be the first to add a report below!

JS 44 (Rev. 12/12)

2:18-CV-3234 AC PS

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARK Aussieker

**(b)** County of Residence of First Listed Plaintiff: Sacramento
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
M&S Green Power Energy

County of Residence of First Listed Defendant: Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

2:18-CV-3234 JAM AC PS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227
Brief description of cause: Violations of Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 9,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____