UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M&S GREEN-POWER ENERGY, INC.,<br>et al.,<br><br>　　　　Defendants. | No. 2:18-cv-03234-JAM-AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on a motion for default judgment brought by plaintiff, who is proceeding pro se. ECF No. 15. The matter was accordingly referred to the undersigned by Local Rule 302(c)(19), (21). A hearing on the motion was held on May 15, 2019. Plaintiff appeared, defendants did not appear, and the motion was taken under submission. For the following reasons, the undersigned will recommend that the motion be denied without prejudice.

## I.　BACKGROUND

On December 20, 2018, plaintiff brought a complaint against defendants M&S Green-Power Energy, Inc. ("M&S"), d/b/a California Energy Rebate Program ("CERP"),[1] Shiran Pilo,

---

[1] Plaintiff alleges that CERP is a "fictitious business name" of M&S. ECF No. 1 ¶ 6. Although CERP is named as a separate defendant, the undersigned will treat CERP and M&S as a single entity for purposes of the present motion.

and Fermain Flores for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.* and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* ECF No. 1. According to the complaint, defendant M&S is a California corporation doing business as a licensed contractor; defendant Pilo is the president, CEO, and registered agent of M&S; and defendant Flores is a managing operator and director of M&S. Id. at 2. In support of his claims, defendant alleges that he received two automated telephone calls on his cell phone, which is registered on the national do-not-call registry. Id. at 4-11.

In support of his motion for default judgment, plaintiff avers that "[d]efendant was served on January 2nd, 2019 as evidenced by the Proof of Service filed in this case." ECF No. 15 at 9. A return of service completed by a professional process server was filed as to each of the four defendants. The returns indicate that on January 2, 2019, copies of the summons and complaint were left for all four defendants at the business address M&S has registered with the California Secretary of State, and that the papers were left with "Nathan McCloud (Manager)." ECF No. 5. Plaintiff further avers that "[d]efendant, and his employees and lawyer have been in contact with [plaintiff] via email multiple times since filing of this lawsuit and have knowledge of the lawsuit." ECF No. 15 at 1-2, 10.

No defendant has filed an answer. On January 24, 2019, plaintiff requested entry of default, and on January 25, 2019 the clerk entered the default of all four defendants. ECF Nos. 8, 9. Plaintiff moved for default judgment on March 26, 2019. ECF No. 15. Defendants did not respond to the motion and have not otherwise appeared in any capacity in this case.

## II. DISCUSSION

### A. Legal Standard for Default Judgments

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead,

1  the decision to grant or deny an application for default judgment lies within the district court's
2  sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

3  Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). As part of the personal jurisdiction inquiry, a court must ensure that all defendants have been adequately served in conformance with Rule 4 of the Federal Rules of Civil Procedure. See Securities & Exchange Comm'n v. Ross, 504 F.3d 1130, 1140 (9th Cir. 2007) (" '[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.' ") (citations omitted); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons . . . ."). If the court finds these jurisdictional elements satisfied, it turns to the following factors to determine whether default judgment is warranted:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### B. The Court Has Subject Matter Jurisdiction

The court possesses subject matter jurisdiction over this action, as the TCPA claims present a federal question, see 28 U.S.C. § 1331; Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012) (holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA), and the state UCL claim may be heard pursuant to the court's supplemental jurisdiction, see 28 U.S.C. § 1367(a).

### C. The Court Lacks Personal Jurisdiction over Defendants Due to Insufficient Service

Personal jurisdiction over a defendant may be acquired "by personal service of that defendant or by means of a defendant's 'minimum contacts' with the jurisdiction." Cripps v. Life Ins. Co.

of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Super. Ct. of Cal., 495 U.S. 604 (1990)).

1. Corporate Defendant M&S

The undersigned finds that that the court lacks personal jurisdiction over defendant M&S due to procedurally deficient service. Rule 4(h) of the Federal Rules of Civil Procedure provides that a corporation must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). In addition, in the Ninth Circuit, "service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (stating that service of process is not limited solely to officially designated officers, managing agents, or agents designated to receive process).

Rule 4(e)(1), in turn, permits service by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under California law, service may be made on a corporation by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process" or "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10.

Here, there is no indication that Nathan McCloud is an officer, president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer of M&S. Nor is there any indication that McCloud is otherwise an agent authorized to receive service on behalf of M&S. (Defendant Pilo is M&S's designated agent for service of process.) Thus, the question under

either federal or state service standards is whether McCloud is a "managing or general agent" or a "general manager" of M&S.

Courts view managing agents and/or general managers as employees who have some substantial authority within a corporation. See Garabedian v. Griffin Steel & Supply Co., 340 F.2d 478, 479 (9th Cir. 1965) ("We believe managing agent implies some real authority of decision, something broader than just soliciting."); Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 624 (6th Cir. 2004) ("A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."); Cooney v. Barry Sch. of Law, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014) ("[T]he phrase managing or general agent does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise.") (internal quotation marks omitted); Khachatryan v. Toyota Motor Sales, U.S.A., Inc., 578 F. Supp. 2d 1224, 1226 (C.D. Cal. 2008) ("A general manager under the California statute has been interpreted to include any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.") (internal quotation marks omitted) (citing Gibble v. Car-Lene Research, Inc., 67 Cal. App. 4th 295, 303, 78 Cal. Rptr. 2d 892, 897 (1998)). The determination of whether a given individual is a "managing or general agent" depends on a factual analysis of that person's authority within the organization. Direct Mail, 840 F.2d at 688.

Here, accepting the service returns as accurate, there is an insufficient basis to conclude that service of M&S was sufficient. According to the service returns, service was attempted upon defendant M&S—and indeed attempted upon all defendants—by leaving a copy of the summons and complaint at M&S's registered business address with one Nathan McCloud, whom the process server identified only as "Manager." Beyond this apparent title—which could mean many different things depending on the business's size and structure—there is no indication of McCloud's particular role at M&S. Without more information as to McCloud's authority within the company, the undersigned cannot conclude that M&S was properly served by leaving the service papers with him. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 567 (3d Cir. 1996)

(service was not proper under Rule 4(h)(1) where summons and complaint were delivered to firm's office manager); DisputeSuite.com, LLC v. Credit Umbrella Inc., No. CV 14-6340 MWF (MANx), 2015 WL 12911757, at *3 (C.D. Cal. June 2, 2015) (service was not proper under section 416.10 where court was not provided with any details regarding service recipient's position or rank within defendant corporation); TMX Logistics, Inc. v. FF Trucking, Inc., No. CV 14-00873 PSG (ASx), 2014 WL 12691618, at *2 (C.D. Cal. Sept. 5, 2014) (service not proper under Rule 4(h)(1) where proof of service did not indicate that recipient was an officer, a managing or general agent, or other agent authorized to receive service of process on behalf of corporation).

The undersigned notes that service also did not comply with California's substitute method of service for business entities. "In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a corporation by substituted service which requires leaving the summons and complaint during normal office hours at the office of the defendant with a person 'who is apparently in charge' and thereafter mailing a copy of the summons and complaint to the defendant at that same office."[2] Vandyke v. N. Leasing Sys., Inc., No. CIV.S 07-1877 FCD GGH PS, 2009 WL 1396193, at *4 (E.D. Cal. May 14, 2009), report and recommendation adopted, No. CIVS 07-1877 FCD GGH PS, 2009 WL 2044254 (E.D. Cal. July 13, 2009). "Plaintiffs must however be reasonably diligent in their attempts at direct service before substitute service is

---

[2] As relevant for service of a corporation, Cal. Civ. Proc. Code § 415.20 provides:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

6

permitted." Hong-Ming Lu v. Primax Wheel Corp., No. C 04-4170 JSW, 2005 WL 807048, at *3 (N.D. Cal. Apr. 7, 2005) (citing Evartt v. Sup. Ct. of Stanislaus County, 89 Cal. App. 3d 795, 799, 152 Cal. Rptr. 836 (1979)). Under California law, two or three attempts at personal service satisfies reasonable diligence. Espindola v. Nunez, 199 Cal. App. 3d 1389, 1392, 245 Cal. Rptr. 596 (1988). There is no indication that McCloud was apparently in charge of the office where the papers were left; there is no indication that the papers were then mailed to the same address; and there is no record that personal service was first attempted the requisite two or three times.

Because the record is insufficient to establish that M&S was properly served, the undersigned recommends denying the motion for default judgment against it.

2. Individual Defendants Pilo and Flores

On the current record, the court also does not have personal jurisdiction over the individual defendants Pilo and Flores. First, plaintiff has not alleged the residency of these defendants, a critical factor in the personal jurisdiction analysis.[3] Boschetto v. Hansing, 539 F.3d 1011, 1015–16 (9th Cir. 2008) ("For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.") (internal citations omitted). And regardless, plaintiff did not properly serve either Pilo or Flores.

Rule 4(e) of the Federal Rules of Civil Procedure provides four methods for accomplishing service upon an individual: (1) by delivering a copy of the summons and complaint to the individual personally, (2) by leaving a copy of each at the individual's residence "with someone of suitable age and discretion who resides there," (3) by delivering a copy to an agent authorized by law to receive service of process, and (4) as discussed above, by following state law governing service of process. Fed. R. Civ. P. 4(e)(1), (2). Here, it does not appear plaintiff satisfied any of the three federally prescribed service methods with respect to either Pilo or Flores. Neither was served personally, or through copies left at their residence; and there is no

---
[3] Plaintiff's motion for default judgment states that Flores and Pilo are California residents. ECF No. 15 at 2.

7

indication in the record that McCloud was either Pilo's or Flores' authorized service agent. This leaves California state law as the final possibility.

California law likewise permits service upon an individual through personal delivery, or delivery to an authorized agent (neither of which was attempted here). Cal. Civ. Proc. Code §§ 415.10, 416.90. In addition, California law provides that if the documents "cannot with reasonable diligence be personally delivered," substitute service on an individual may be accomplished, for instance by leaving a copy of the summons and complaint at the defendant's usual place of business and then mailing a copy of the documents to the defendant at the address where service was effectuated. Cal. Civ. Proc. Code § 415.20(b).[4] Ordinarily, " 'two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.' " Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (quoting Bein v. Brechtel–Jochim Group, Inc., 6 Cal. App. 4th 1387, 1390, 8 Cal. Rptr. 2d 351, 352 (1992)).

Here, the process server did not meet the prerequisite of reasonable diligence. There is no indication that the process server ever attempted to personally serve Pilo or Flores, much less the requisite "two or three" times. Further, even if substitute service had been available, there is no indication that the process server complied with the other requirements of section 415.20(b), such as explaining the contents of the documents to McCloud or later mailing the documents to Pilo

---

[4] The full text reads:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).

and Flores at the address where they were left. Thus, defendants Pilo and Flores were not properly served under California's substitute service provision.

Because neither Pilo nor Flores were properly served, the motion for default judgment must be denied as to each of them as well.

### 3. Extension of Time to Effect Service

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As plaintiff filed the complaint in December 2018, the time for proper service expired, in March 2019. Where service is untimely, Rule 4(m) requires a district court to grant an extension of time for service when the plaintiff shows good cause for the delay in service. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). In the absence of good cause, the rule permits the district court to grant an extension upon a showing of "excusable neglect." Id.; see also Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). Courts may extend the time for service even after the Rule 4(m) deadline has expired, Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003), and there is no specific test that a court must apply in deciding whether to exercise its discretion to extend the period for service, In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001); see Efaw, 473 F.3d at 1041 (stating that courts may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service). "Good cause" is likely to be found when the failure to complete service in a timely fashion is due to the conduct of a third person, typically the process server. See Wright & Miller, Federal Practice and Procedure Civil (4th ed.) § 1137.

Here, no defendant has appeared to challenge the sufficiency of service, so plaintiff has not had a formal opportunity to argue for an extension. However, at the hearing, plaintiff

indicated that he assumed that service was properly effectuated when his professional process server returned the completed proof of service documents in January 2019. The undersigned concludes that there is good cause for the court to *sua sponte* extend the period for service in this case. Plaintiff did timely attempt service on all defendants and was operating under the good faith belief that the service accomplished was sufficient. The insufficiency of service was due to the failure of the process server to serve the complaint and summons in a manner consistent with applicable rules. Until the hearing on the motion for default judgment, there was no indication that plaintiff should be concerned about the sufficiency of service. Plaintiff's pro se status also militates in favor of finding good cause. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (describing "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements"). Further, the undersigned does not see how a limited extension would prejudice defendants. The Rule 4(m) service window only closed some three months ago, and the undersigned recommends that the period be held open only for an additional 30 days to properly effect service.

Based on the foregoing, the undersigned finds that, although service of process was technically insufficient, good cause exists for an extension to serve the complaint and summons. In the alternative, even if an extension under Rule 4(m) were not mandatory for good cause shown, the undersigned would recommend granting a discretionary 30-day extension for the reasons stated.

4. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS THAT:

1. Plaintiff's March 26, 2019 motion for default judgment, (ECF No. 15) be DENIED without prejudice to renewal upon effecting proper service of process; and
2. Plaintiff be granted an extension of 30 days from the date these findings and recommendations are adopted to serve defendants. See Fed. R. Civ. P. 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 21, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE